# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL THOMPSON, No. B-81126, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WEXFORD HEALTH SOURCES, INC., ) <br> DOCTOR RITZ, ) <br> DOCTOR FEINERMAN, ) <br> DOCTOR SHEPHERD, ) <br> DOCTOR FAHIM, ) <br> DOCTOR SHEARING, ) <br> and DOCTOR TROST, ) <br> ) <br> Defendants. ) | Case No. 18-cv-01495-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Michael Thompson, an Illinois Department of Corrections inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Menard Correctional Center ("Menard"). (Doc. 1). In the Complaint, Plaintiff claims that he was denied adequate medical treatment for his Crohn's disease. (Doc. 1, pp. 2-5). In connection with this claim, he names Wexford Health Sources, Inc., Doctor Ritz, Doctor Feinerman, Doctor Shepherd, Doctor Fahim, Doctor Shearing, and Doctor Trost as defendants, in their individual and official capacities. (Doc. 1, pp. 1-2). He seeks declaratory judgment, monetary damages, and injunctive relief.[1] (Doc. 1, p. 5).

---

[1] The Court interprets Plaintiff's request for "injunctive relief" as relief at the close of the case. If he seeks interim relief, Plaintiff should file a Motion for Temporary Restraining Order and/or Preliminary Injunction pursuant to Rule 65(a) or (b) of the Federal Rules of Civil Procedure, indicating exactly what relief he seeks, the reasons he needs relief, and the factual allegations that support his request. Plaintiff may file a Rule 65 motion at any time during the pending action.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

According to the allegations in the Complaint, Plaintiff was diagnosed with Crohn's disease prior to his incarceration. (Doc. 1, p. 2). When he arrived at Menard in 2008, Plaintiff informed the prison's medical staff about his condition. *Id*. He explained that a single prescription medication, Remicade, was critical for managing the disease. *Id*. For the next eight years, the prison's medical staff refused to prescribe Remicade or effectively treat Plaintiff's condition. (Doc. 1, p. 3). Instead, they gave him less expensive medication that neither treated his underlying disease nor managed his symptoms. *Id*. Increasingly, Plaintiff suffered from bloating, stomach cramps, vomiting, body aches, hot and cold sweats, sleep loss, appetite loss, and weight loss (from 190 to 135 lbs.). (Doc. 1, pp. 3-4).

By 2015, Plaintiff's condition had deteriorated to the point that he required in-patient treatment at the prison infirmary (twice) and outside hospitals (twice). (Doc. 1, p. 3). Specialists recommended surgery, but Doctor Trost took no action. *Id*. As a result, Plaintiff's condition deteriorated further and necessitated emergency surgery to remove most of his large intestines in April 2016 and a portion of strangulated small intestines in October 2016. *Id*. Plaintiff blames the inadequate treatment on cost-saving policies enforced by Wexford and the deliberate

2

indifference of the prison's medical directors. (Doc. 1, p. 4). He names them all as defendants in this action.

Plaintiff previously brought these same claims in *Thompson v. Wexford Health Sources, Inc.*, No. 17-cv-00329-NJR-DGW (S.D. Ill.) ("prior suit"). This Court dismissed the prior suit without prejudice on September 11, 2018, after finding that Plaintiff filed it two months before he exhausted his administrative remedies with respect to a grievance dated December 18, 2016. (Doc. 94, prior suit). Plaintiff refiled this suit against the same defendants for the constitutionally inadequate medical care he describes in the December 2016 grievance.

## Discussion

In accordance with Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following counts:

**Count 1 -** Eighth Amendment claim for deliberate indifference to serious medical needs against Ritz, Feinerman, Shepherd, Fahim, Shearing, and Trost in relation to Plaintiff's Crohn's disease.

**Count 2 –** Eighth Amendment claim for deliberate indifference against Wexford Health Sources, Inc. for instituting and following cost-saving policies and practices which delayed the provision of medical care, resulted in inadequate medical treatment, and caused Menard providers to fail to treat Plaintiff's Crohn's disease.

Both claims survive screening for the same reasons that they survived preliminary review in the prior suit. (*See* Doc. 6, pp. 4-6, prior suit). The Court fully incorporates the analysis set forth therein in this screening order. *Id*.

## Disposition

The Clerk is **DIRECTED** to **ADD** the **WARDEN OF MENARD CORRECTIONAL CENTER**, in his or her official capacity for purposes of carrying out any injunctive relief that is ordered in this matter. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

**IT IS ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendants **RITZ, FEINERMAN, SHEPHERD, FAHIM, SHEARING,** and **TROST** in their individual capacities; the official capacity claims are **DISMISSED** with prejudice.

**IT IS ORDERED** that **COUNT 2** survives screening and is subject to further review against Defendant **WEXFORD HEALTH SOURCES, INC.**

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only), WEXFORD HEALTH SOURCES, INC., RITZ, FEINERMAN, SHEPHERD, FAHIM, SHEARING,** and **TROST**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  September 17, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**