IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1495-NJR-GCS |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. STEPHEN RITZ, DR. JOHN | ) |
| SHEPHERD, DR. MAGID FAHM, DR. | ) |
| ADRIAN FEINERMAN, DR. ROBERT | ) |
| SHEARING, DR. JOHN TROST, and | ) |
| WARDEN OF MENARD | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison (Doc. 85), which recommends granting the Motion to Dismiss the claims against Dr. John Shepherd, Dr. Magid Fahim, Dr. Adrian Feinerman, and Dr. Robert Shearing.

Plaintiff Michael Thompson, an inmate of the Illinois Department of Corrections, brings this action under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights (Doc. 9). According to the complaint, Thompson informed medical staff at Menard Correctional Center ("Menard") that he suffered from Crohn's disease after arriving at the facility in November 2008, but they ignored his medical needs over the next eight

years (Doc. 1, p. 2). Thompson filed this complaint on August 14, 2018 (Doc. 1), and after conducting a preliminary review, the Court permitted him to proceed on two counts:

> **Count 1—** Eighth Amendment claim for deliberate indifference to serious medical needs against Dr. Ritz, Dr. Feinerman, Dr. Shepherd, Dr. Fahim, Dr. Shearing, and Dr. Trost in relation to Thompson's Crohn's disease; and
>
> **Count 2—** Eighth Amendment claim for deliberate indifference against Wexford Health Sources, Inc. for instituting and following cost-saving policies and practice which delayed the provision of medical care, resulted in inadequate medical treatment, and caused Menard providers to fail to treat Thompson's Crohn's disease.

(Doc. 9, p. 3).

On January 16, 2019, Dr. Fahim, Dr. Feinerman, Dr. Shearing, and Dr. Shepherd filed a Motion to Dismiss, arguing the statute of limitations time-bars Thompson's claims against them (Doc. 61). On March 25, 2019, Judge Sison issued the Report and Recommendation currently before the Court, and recommends granting the Motion to Dismiss (Doc. 85). Judge Sison found that Thompson's claims against Dr. Fahim, Dr. Feinerman, Dr. Shearing, and Dr. Shepherd are untimely under the two-year statute of limitations in Illinois for personal injury claims (*Id.* citing 735 ILCS § 5/13-202). Judge Sison explains that in cases like this one, where an inmate alleges a continuing violation regarding a refusal to treat a condition, the statute of limitations begins to accrue when treatment is provided or the inmate is released (*Id.*, citing *Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir. 2001)). But when a defendant loses the ability to address the plaintiff's condition, the claim immediately accrues as to that defendant (*Id.*). Judge Sison held that since Dr. Fahim, Dr. Feinerman, Dr. Shearing, and Dr. Shepherd all left Menard more

than two years before Thompson filed this suit, the claims against them are time-barred (*Id.* at p. 9).

Objections to the Report and Recommendation were due on or before April 11, 2019. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs submitted by the parties, as well as Judge Sison's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Sison and **ADOPTS** the Report and Recommendation in its entirety. The Motion to Dismiss, filed by Dr. Fahim, Dr. Feinerman, Dr. Shearing, and Dr. Shepherd, is **GRANTED**, and those defendants are dismissed from this case with prejudice. The remaining claims are as follows:

**Count 1 —** Eighth Amendment claim for deliberate indifference to serious medical needs against Dr. Ritz and Dr. Trost in relation to Thompson's Crohn's disease; and

**Count 2 —** Eighth Amendment claim for deliberate indifference against Wexford Health Sources, Inc. for instituting and following cost-saving policies and practice which delayed the provision of medical care, resulted in inadequate medical treatment, and caused Menard providers to fail to treat Thompson's Crohn's disease.

**IT IS SO ORDERED.**

**DATED: June 4, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**